UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ALICIA MICHELLE MORGAN,<br><br>              Plaintiff,<br><br>   v.<br><br>CAROLYN W. COLVIN, Acting<br>Commissioner of Social Security,<br><br>           Defendant. | NO:  1:15-CV-3141-TOR<br><br>ORDER GRANTING PLAINTIFF'S<br>MOTION FOR SUMMARY<br>JUDGMENT |

BEFORE THE COURT are the parties' cross-motions for summary judgment.  ECF Nos. 15, 17.  This matter was submitted for consideration without oral argument.  The Court has reviewed the administrative record and the parties' completed briefing, and is fully informed.  For the reasons discussed below, the Court grants Plaintiff's motion and denies Defendant's motion.

## JURISDICTION

The Court has jurisdiction over this case pursuant to 42 U.S.C. § 1383(c)(3).

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 1

1

**STANDARD OF REVIEW**

2       A district court's review of a final decision of the Commissioner of Social

3   Security is governed by 42 U.S.C. § 405(g).  The scope of review under §405(g) is

4   limited:  the Commissioner's decision will be disturbed "only if it is not supported

5   by substantial evidence or is based on legal error."  *Hill v. Astrue*, 698 F.3d 1153,

6   1158 (9th Cir. 2012).  "Substantial evidence" means relevant evidence that "a

7   reasonable mind might accept as adequate to support a conclusion."  *Id.* at 1159

8   (quotation and citation omitted).  Stated differently, substantial evidence equates to

9   "more than a mere scintilla[,] but less than a preponderance."  *Id.* (quotation and

10   citation omitted).  In determining whether this standard has been satisfied, a

11   reviewing court must consider the entire record as a whole rather than searching

12   for supporting evidence in isolation.  *Id.*

13       In reviewing a denial of benefits, a district court may not substitute its

14   judgment for that of the Commissioner.  If the evidence in the record "is

15   susceptible to more than one rational interpretation, [the court] must uphold the

16   ALJ's findings if they are supported by inferences reasonably drawn from the

17   record."  *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).  Further, a district

18   court "may not reverse an ALJ's decision on account of an error that is harmless."

19   *Id.*  An error is harmless "where it is inconsequential to the [ALJ's] ultimate

20   nondisability determination."  *Id.* at 1115 (quotation and citation omitted).  The

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 2

1   party appealing the ALJ's decision generally bears the burden of establishing that

2   it was harmed.  *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

3                     **FIVE-STEP SEQUENTIAL EVALUATION PROCESS**

4          A claimant must satisfy two conditions to be considered "disabled" within

5   the meaning of the Social Security Act.  First, the claimant must be "unable to

6   engage in any substantial gainful activity by reason of any medically determinable

7   physical or mental impairment which can be expected to result in death or which

8   has lasted or can be expected to last for a continuous period of not less than twelve

9   months."  42 U.S.C. § 1382c(a)(3)(A).  Second, the claimant's impairment must be

10  "of such severity that he is not only unable to do his previous work[,] but cannot,

11  considering his age, education, and work experience, engage in any other kind of

12  substantial gainful work which exists in the national economy."  *Id.*

13  § 1382c(a)(3)(B).

14         The Commissioner has established a five-step sequential analysis to

15  determine whether a claimant satisfies the above criteria.  *See* 20 C.F.R.

16  § 416.920(a)(4)(i)-(v).  At step one, the Commissioner considers the claimant's

17  work activity.  *Id.* § 416.920(a)(4)(i).  If the claimant is engaged in "substantial

18  gainful activity," the Commissioner must find that the claimant is not disabled.  *Id.*

19  § 416.920(b).

20

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 3

If the claimant is not engaged in substantial gainful activities, the analysis proceeds to step two.  At this step, the Commissioner considers the severity of the claimant's impairment.  *Id.* § 416.920(a)(4)(ii).  If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three.  *Id.* § 416.920(c).  If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled.  *Id.*

At step three, the Commissioner compares the claimant's impairment to several impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity.  *Id.* § 416.920(a)(4)(iii).  If the impairment is as severe as or more severe than one of the enumerated impairments the Commissioner must find the claimant disabled and award benefits.  *Id.* § 416.920(d).

If the severity of the claimant's impairment does meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity."  Residual functional capacity ("RFC"), defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations, *id.* § 416.945(a)(1), is relevant to both the fourth and fifth steps of the analysis.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 4

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past ("past relevant work"). *Id.* § 416.920(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled. *Id.* § 416.920(f). If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. *Id.* § 416.920(a)(4)(v). In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education and work experience. *Id.* If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled. *Id.* § 416.920(g)(1). If the claimant is not capable of adjusting to other work, the analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits. *Id.*

The burden of proof is on the claimant at steps one through four. *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009). If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy." 20 C.F.R. § 416.960(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 5

1

## ALJ FINDINGS

2        Plaintiff filed an application for supplemental security income, dated July

3   21, 2011, alleging a disability onset date of February 1, 2010.  Tr. 19.  Plaintiff's

4   claim was denied initially, and upon reconsideration. Tr. 19.  Plaintiff requested a

5   hearing before an ALJ, Tr. 113, which was held on November 20, 2013, Tr. 38-68.

6   On December 19, 2013, the ALJ rendered a decision denying Plaintiff's claim.  Tr.

7   16-37.

8        At step one, the ALJ found that Plaintiff had not engaged in substantial

9   gainful activity since July 21, 2011, the application date.  Tr. 21.  At step two, the

10  ALJ found that Plaintiff had the following severe impairments: obesity; cervical

11  spine disorder; headaches; borderline personality disorder; posttraumatic stress

12  disorder (PTSD); bipolar disorder II; depressive disorder, not otherwise specified;

13  and pain disorder associated with both psychological and medical condition. Tr.

14  21.  At step three, the ALJ found that Plaintiff does not have an impairment or

15  combination of impairments that meets or medically equals a listed impairment.

16  Tr. 24.  The ALJ then concluded that Plaintiff had the RFC

17          to perform light work as defined in 20 CFR 416.967(b) with some
            additional limitations.  Considering the effects of pain, the claimant
18          can frequently climb ramps and stairs, and she can never climb
            ladders, ropes, or scaffolds.  She can unlimitedly balance and can
19          frequently stoop, kneel, crouch and crawl.  The claimant can
            frequently perform overhead bilateral reaching.  The claimant can
20          perform work where exposure to moving machinery and unprotected

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 6

heights is not present. In order to meet ordinary and reasonable employer expectations regarding attendance, production and work place behavior, the claimant can understand, remember and carry out simple, routine tasks and can work in a predictable workplace environment.  The claimant can perform work that does not require interaction with the general public as an essential element of the job, but occasional incidental contact with the general public is not precluded, and the claimant can have occasional co-worker contact with no tandem tasks or tasks involving cooperative team effort.

Tr. 26.  At step four, the ALJ found Plaintiff is unable to perform any past relevant work.  Tr. 32.  At step five, the ALJ found that, considering Plaintiff's age, education, work experience, and RFC, there are jobs in significant numbers in the national economy that Plaintiff could perform, such as production assembler, hand packager, and mail clerk.  Tr. 33.  On that basis, the ALJ concluded that Plaintiff was not disabled as defined in the Social Security Act.  Tr. 33.

On June 12, 2015, the Appeals Council denied Plaintiff's request for review, Tr. 1-6, making the ALJ's decision the Commissioner's final decision for purposes of judicial review.  *See* 42 U.S.C. § 1383(c)(3); 20 C.F.R. §§ 416.1481, 422.210.

## DISCUSSION

Plaintiff seeks judicial review of the Commissioner's final decision denying her disability benefits and supplemental security income.  *See* ECF No. 15.  While Plaintiff has presented a number of issues in this appeal, the Court concludes the ALJ erred in failing to properly evaluate the opinion of Plaintiff's treating physician, and therefore remands the case for further proceedings.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 7

## A.    Evaluation of Dr. Sumners' Opinion

A treating physician's opinions are entitled to substantial weight in social security proceedings.  *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009).  If a treating or examining physician's opinion is uncontradicted, an ALJ may reject it only by offering "clear and convincing reasons that are supported by substantial evidence." *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005).  "However, the ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings." *Bray*, 554 F.3d at 1228 (quotation and citation omitted).

Even if a treating physician's opinion is contradicted by another physician, the ALJ may not simply disregard it, and is required to consider factors set out in 20 C.F.R. § 404.1527(c)(2)-(6) in determining how much weight to afford the treating physician's medical opinion.  *Ghanim v. Colvin*, 763 F.3d 1154, 1161 (9th Cir. 2014) (citing *Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007)).  "These factors include the 'length of the treatment relationship and the frequency of examination' by the treating physicians, the 'nature and extent of the treatment relationship' between the patient and the treating physician, the 'supportability' of the physician's opinion with medical evidence and the consistency of the physician's opinion with the record as a whole." *Id.* (quoting 20 C.F.R. §

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 8

1   404.1527(c)(2)-(6)).  "In many cases, a treating source's medical opinion will be

2   entitled to the greatest weight and should be adopted, even if it does not meet the

3   test for controlling weight."  *Id.* (quoting *Orn*, 495 F.3d at 631).

4       Similarly, "an ALJ may not simply reject a treating physician's opinions on

5   the ultimate issue of disability."  *Id.* (citing *Holohan v. Massanari*, 246 F.3d 1195,

6   1202-03 (9th Cir. 2001)).  An ALJ may only reject a treating physician's

7   contradicted opinions by "providing specific and legitimate reasons that are

8   supported by substantial evidence."  *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th

9   Cir. 2005) (citing *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1995)). "An ALJ

10  can satisfy the 'substantial evidence' requirement by 'setting out a detailed and

11  thorough summary of the facts and conflicting clinical evidence, stating his

12  interpretation thereof, and making findings.'" *Garrison v. Colvin,* 759 F.3d 995,

13  1012 (9th Cir. 2014) (quoting *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir.

14  1998)).

15      Here, after treating Plaintiff for approximately five months, on April 22,

16  2013, Dr. Rory Sumners completed a medical report in connection with Plaintiff's

17  application for social security benefits.  Tr. 514-15.  In the report, Dr. Sumners

18  diagnosed Plaintiff with chronic neck pain, chronic cephalgia, fibromyalgia,

19  schizoaffective disorder, and prediabetes. Tr. 514.  Dr. Sumners reported that

20  Plaintiff displayed 12 out of 18 fibromyalgia tender points upon examination.  Tr.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 9

1    515.  Further, Dr. Sumners opined that Plaintiff needs to lie down 1-3 hours a day

2    due to headache pain; that work on a regular and continuous basis could cause

3    Plaintiff's condition to deteriorate; and that due to "symptoms [that] are frequently

4    debilitating," Plaintiff would likely miss work approximately four or more days per

5    month. Tr. 514-15.

6          Plaintiff argues the ALJ erred by failing to directly discuss and evaluate this

7    opinion.  ECF No. 15 at 18-20.  In support, Plaintiff asserts the ALJ misattributed

8    Dr. Sumners' opinion as one from Lori Drews, ARNP, and consequently,

9    considered this opinion under the wrong legal standard.  *Id.*

10         The Court agrees.  Not only does the ALJ fail to explicitly reference Dr.

11   Sumners, but in regards to Ms. Drews' opinion, the ALJ found:

12         Ms. Drews later found that the claimant's physical impairments
           require her to lie down and rest for one to three hours each day and
13         working would cause her condition to deteriorate.  Ms. Drews found
           that the claimant has 12 of 18 positive tender points for fibromyalgia.
14         I give these findings and opinions very little weight.  I note that Ms.
           Drews is not an acceptable source of medical opinions under Social
15         Security Administration regulations.  Furthermore, she did not
           provide clinical examination findings to support her opinions, and it
16         appears that her conclusions rely on the subjective reports by the
           claimant rather than objective findings.

17

18

19

20

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 10

Tr. 31.  Upon review of the ALJ's findings, it is evident the ALJ mistakenly

attributed Dr. Sumners' medical report as one from Ms. Drews.[1]  Consequently, as

Ms. Drews is an ARNP and considered an "other source," *see* 20 C.F.R. §§

404.1513(d); 416.913(d), the ALJ appears to have evaluated Dr. Sumners' findings

under the "other source" standard, which states such opinions are not entitled to

controlling weight and only require an ALJ to provide "germane reasons" to reject

the opinion.  *See* SSR 06-03p, 2006 WL 2329939 at * 2; *Molina v. Astrue*, 674

F.3d 1104, 1111 (9th Cir. 2012).

      In contrast, as a treating physician, Dr. Sumners' opinion is entitled to

substantial weight.  *See* Bray, 554 F.3d at 1228.  If uncontradicted, the ALJ is

required to provide clear and convincing reasons, supported by substantial

evidence, to reject Dr. Sumners' opinion.  *See Ryan v. Comm'r of Soc. Sec.*, 528

F.3d 1194, 1198 (9th Cir. 2008).  If contradicted, the ALJ may reject the opinion

by providing specific and legitimate reasons that are supported by substantial

_____

[1] The Court observes that the opinions of Dr. Sumners and Ms. Drews are

contained within the same exhibit (Exh. 20F), with Dr. Sumners' medical report

consisting of the first two of five pages and Ms. Drews' mental evaluation

consisting of the last three pages, which is likely how the ALJ came to make this

mistake.  *See* Tr. 514-18.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 11

1    evidence in the record.  *See Hill*, 698 F.3d at 1159-60. Under either standard, to

2    satisfy the substantial evidence requirement, the ALJ must summarize the facts and

3    conflicting evidence, provide her own interpretations thereof, and explain why

4    they, rather than Dr. Sumners', are correct.  *See Garrison*, 759 F.3d at 1012.  Here,

5    because the ALJ apparently analyzed Dr. Sumners' opinion as an "other source,"

6    the ALJ did not adequately perform these steps.

7        Accordingly, based on the foregoing, this Court finds that the ALJ failed to

8    consider or properly reject Dr. Sumners' opinion and a remand is required.

9    **B.    Remedy**

10        When an ALJ's denial is based upon legal error or not supported by the

11    record, the usual course is for the Court to remand for further proceedings or

12    explanations.  *See Hill*, 698 F.3d at 1162.  Plaintiff urges the Court to conclude that

13    remand is not necessary and that the Court can find Plaintiff is disabled on the

14    record as it stands.  ECF No. 15 at 31.  However, remand is appropriate "where

15    there are outstanding issues that must be resolved before a determination can be

16    made, and it is not clear from the record that the ALJ would be required to find the

17    claimant disabled if all the evidence were properly evaluated."  *Hill*, 698 F.3d at

18    1162.  In this case, there remains outstanding issues to resolve.  For instance,

19    whether, when the evidence is properly evaluated, Plaintiff's limitations impair her

20    ability to perform basic work activities, and the ALJ must consider the limitations

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 12

imposed by Plaintiff's impairments in assessing her RFC.  In making these determinations, the Commissioner must properly evaluate the opinions of Plaintiff's treating physician.  By failing to properly evaluate the medical opinion evidence, the entire complexion of the case has changed.  Whether a proper evaluation of the medical opinion evidence can be reconciled with the ALJ's existing adverse credibility determination or any of the other remaining issues in the case is for the Commissioner to decide in the first instance.

Upon remand, the ALJ should further develop the record and issue a new decision.  The ALJ should reevaluate all of Plaintiff's impairments; all medical source opinions; Plaintiff's RFC; findings at step three, and if necessary Plaintiff's ability to perform work at steps four and five; and Plaintiff's credibility.  Plaintiff may present new arguments and evidence and the ALJ may conduct further proceedings as necessary.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Summary Judgment (ECF No. 15) is **GRANTED**.

2. Defendant's Motion for Summary Judgment (ECF No. 17) is **DENIED.**

3. Pursuant to sentence four of 42 U.S.C. § 405(g), this action is **REVERSED** and **REMANDED** to the Commissioner for proceedings consistent with this order.

//

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 13

1    The District Court Executive is hereby directed to file this Order, enter

2  **Judgment for Plaintiff**, provide copies to counsel, and **CLOSE** the file.

3    **DATED** July 20, 2016.

4  

5                      THOMAS O. RICE
                    Chief United States District Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 14